Richards, J.
This is a proceeding in error to reverse a judgment of the court of common pleas dismissing the appeal to that court from the probate court of Seneca county, and the only question before us is whether the original action was appealable. In order to .determine that question it will be necessary to recur to the proceedings in the probate court.
The record discloses that, upon the death of the executor, Walter G. Trumpler had been appointed administrator de bonis non, with the will annexed, of the estate of Emma R. Slusser, deceased, and was proceeding to administer the estate. The testatrix had named in her will an executor of her estate, and the person so named was appointed by *313 the probate court in that capacity and qualified and entered upon the performance of his duties. An action to contest the will had been brought, and the executor had employed counsel to make a defense in that action. A large estate was left and the trial of the contest occupied a considerable period of time and involved the introduction of a large mass of evidence. The executor had died and the administrator had been appointed before a decision was reáched. The trial of the action resulted in a verdict and judgment sustaining the validity of the will. Thereafter, Mr. Trumpler, acting as administrator, filed in the probate court his account as administrator,- showing the receipt and disbursement of a large number of items.
After the filing of this account steps were taken in the probate court to secure the allowance of a claim in favor of the attorneys, Royer & Spitler, for services rendered in the defense of the will. All parties in interest were duly notified, the matter was heard in the probate court, and a finding and judgment entered in that court that the services had been duly rendered in defense of the will, and under employment of the executor, and that they were of the value of four hurídred dollars. It was ordered that this sum be allowed to the attorneys in full for their services, and the remainder of the claim disallowed. It was further ordered by the probate court that the administrator pay the sum so allowed to the attorneys for such services. From this judgment and order the attorneys appealed to the court of. common pleas.
Whether the action is appealable depends upon a construction of Section 11206, General Code. *314 That section, so far as pertinent to the question under consideration, reads as follows:
“Appeal may be taken to the common pleas court, by a person against whom it is made, or whom it affects, from any order, decision, or judgment of the probate court in settling the accounts of an executor, administrator, guardian, and trustee, or of assignees, trustees -or commissioners of insolvents.”
The simple question under this section is whether the judgment of the probate court under review was one made in settling the accounts of the administrator of the estate of Emma R. Slusser. We do not regard as very material the precise. steps taken in the probate court to procure an adjudication of the question as to whether the claim should be allowed and added to the account of the administrator. The account as filed, stated, in substance, that the administrator was not advised as to its validity and for that reason rejected the same, and his statement natural^ suggested to the probate court the necessity of a determination as to whether the claim was valid and whether it should, or should not, be paid and entered in the account. ' The decision of the probate court amounted to a judgment and order that the claim was valid to the extent of four hundred dollars, and that the remaining part was excessive and should not be allowed. It would naturally follow that the administrator should pay the amount so adjudged and enter the amount so paid in his account, and, in this sense, a majority of the court are of the opinión that the judgment of the probate court was one made in settling the accounts of *315 the administrator within the meaning of the section above cited, and that, therefore, the judgment was one from which an appeal could be taken. .
We are the more convinced of the correctness of this conclusion, in view of the language of Section 10214, General Code, providing that the provisions of the chapter embracing this section fixing the right of appeal should be liberally construed in order to promote its object and assist the parties in obtaining justice.
It is manifest that if’ the administrator had allowed the claim and entered the same in his account,. and the same had been approved by the probate court, parties who were interested and prejudicially affected thereby would have the right of appeal. Under the statute the amount justly due to the attorneys for making a successful defense of the will would be, when allowed by the probate court, a portion of the legitimate expenses of administration, and the fixing of the amount is the settling of an item of the account. (Thomas, Admx., v. Moore, 52 Ohio St., 200. See also McMahon, Admr., v. Ambach & Co. et al., 79 Ohio St., 103.) A construction of the statute which would deny the right of appeal when the administrator rejects the claim, and the probate judge, on the filing of the account, allows the same in part, would not be giving the statute a liberal construction and would not be assisting the parties in obtaining justice. On the contrary, it would in practice make the appealability depend in large part upon the position taken by the administrator with reference to the claim and the action taken thereafter by the probate judge.
*316 For these reasons, the common pleas court erred in dismissing the appeal, and that judgment will be reversed and the cause remanded-to the court of common pleas for further proceedings.
Judgment reversed, and cause remanded.
Chittenden, J., concurs.
Judges of the Sixth Appellate District, sitting in place of Judges Crow, Kinder and Robinson of the Third Appellate District.